Sterrett, J.,
The order directing the jury to view the premises, after they were empaneled and sworn, was neither improper nor illegal, and hence the first specification of error is not sustained.
Yiewers appointed under the railroad law are required “to meet at or upon the premises where the damages are alleged to be sustained,” and, having viewed the same, to “ estimate and determine whether any, and, if any, what amount of damages has been or may be sustained and to whom payable.” The manifest purpose of this requirement -is to afford the viewers an opportunity of acquiring fuller and more accurate information, as to matters on which they are required to pass, than it is possible in many cases to obtain from the testimony of witnesses alone. If the Legislature considered it so important that viewers should be thus better informed by a personal inspection of the premises, why is it not equally desirable, and, in some cases, necessary, that a like opportunity should be given to jurors who have the same duties to per *399 form ? Such a course of procedure is certainly not prohibited by law, nor is there any good reason why it should be. On the contrary, the practice adopted in this case, appears to be authorized, in general terms, by the Act of April 10, 1856, P. L. 289, the 3d section of which gives the court, to which an appeal from the report of viewers is taken, “ power to order what notices shall be given connected with any part of the proceeding, and make all such orders connected with the same as may be deemed requisite.” The discretion thus vested in the court of common pleas is certainly broad enough to cover the order complained of, and it appears to have been wisely exercised in the interest of justice.
In view of the undisputed evidence, bringing the case within the proviso to the 12th section of the Act of 1849, plaintiff’s point, recited in the second specification, was rightly refused.
It is unnecessary to consider the remaining specifications of error. ¥e find nothing in either of them that calls for a reversal of the judgment. The ease was well tried, and the questions of fact involved in the issue were fairly submitted to the jury.
Judgment affirmed. W. M. S. Jr.